Plaintiff entered into four Defense Department contracts for the construction of various buildings on certain U.S. military bases in Japan. Count One seeks review under Wunderlich Act criteria of a decision of the Armed Services Board of Contract Appeals upholding the Government’s default termination of the contracts, and Count Two alleges that the Government breached the contracts when, in the course of performance, it declared that henceforth all payments to plaintiff thereunder would be made in Japanese yen rather than U.S. dollars, as theretofore, and plaintiff seeks rescission of the contracts. From the beginning plaintiff’s performance was slow, but because plaintiff advanced various delay excuses, the contracting officer exercised forbearance until near contract completion dates. Since con *878 tract progress did not improve the contracting officer threatened default termination, but granted a series of limited objective, cure-type notices contingent on plaintiff’s good faith effort to make progress, but plaintiff made little progress. When the Government informed plaintiff that under Government edict future payments would be made in Japanese yen rather than dollars, plaintiff asserted that this would adversely affect its ability to perform. Shortly thereafter the contracts were terminated for default; as to one of the four contracts, defendant acknowledged that the termination was unwarranted, and this contract is not involved in the present suit. The ASBCA rejected plaintiff’s contentions respecting excusable delays, finding none sufficient to invoke the relief authorized by the contracts’ suspension of work clause. Plaintiff here contends that by issuing the limited extensions after contract completion dates instead of promulgating new and specific final completion dates which could be reasonably met, the Government waived its right to treat the completion dates as deadlines for timely performance. Plaintiff also contends that the termination notices were defective because the real reason for their issuance was the dollar-yen controversy. On October 3,1972 Commissioner George Willi filed an opinion sustaining the Board’s conclusion that the contracting officer did not waive the completion dates. The commissioner distinguished this case from DeVito v. United States, 188 Ct. Cl. 979, 413 F. 2d 1147 (1969), pointing out that the record in this case affords no rational basis for concluding that plaintiff could have failed to recognize that a default termination was very much in contemplation, and that plaintiff’s performance efforts and the extent of its tangible progress were insubstantial as compared to the situation in DeVito. The commissioner also rejected plaintiff’s contention that the dollar-yen dispute was the real reason for terminating the contracts. In case No. 207-70 defendant asserted a counterclaim representing the parties’ stipulated excess cost of reprocurement; the commissioner did not reach the counterclaim because the suit for breach of the three terminated contracts and for rescission by reason of the Government’s mid-stream changeover from dollars to yen remains open. This case came before the court on plaintiff’s *879 request for review of Commissioner Willi’s decision. Upon consideration thereof, together with the briefs of the parties, without oral argument, the court agrees with the commissioner’s conclusions and generally with his reasoning, and on April 20,1973, by order, the court adjudged that as to Count One of the petition in No. 207-70 plaintiff’s motion for summary judgment is denied, defendant’s cross-motion is granted and the petition is dismissed. The court further ordered that . entry of judgment on defendant’s counterclaim in No. 207-70 be reserved pending a final adjudication of the issues in No. 275-67 and of Count Two of No. 207-70. The court remanded to the commissioner for further appropriate proceedings such issues in Nos. 275-67 and 207-70 and defendant’s counter-^ claim.